CLEVELAND LAW OFFICE, LLC
815 EAST 20™ STREET
CHEYENNE, WY 82001
(970) 672-3576
(307) 316-0299 FAX

| STATE OF WYOMING | ) | IN THE DISTRICT COURT |
|---|---|---|
| | ) ss. | FIRST JUDICIAL DISTRICT |
| COUNTY OF LARAMIE | ) | |

DAWN M. EDWARDS, Individually and on
behalf of those similarly situated,

    Plaintiff,

vs.

COLLECTION CENTER WYOMING, INC.,

    Defendant.

Civil No. 173-909

FILED
MAY 08 2009
GERRIE E. BISHOP
CLERK OF THE DISTRICT COURT

## CLASS ACTION COMPLAINT

COMES NOW Dawn M. Edwards on behalf of herself and others similarly situated and for their complaint state as follows:

### I. INTRODUCTION

1. This is an action for damages and injunctive relieve brought by an individual consumer and as a class for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff, Dawn M. Edwards is a natural person residing in the city of Cheyenne, State of Wyoming.

3. The proposed Class is made of Wyoming residents that have had his/her personal identifying information, including social security numbers placed upon post-judgment pleadings and discovery.

1

4. Defendant Collection Center of Wyoming, Inc. is a corporation engaged in the business of collecting debts in this state with its principal place of business located in Cheyenne. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. On February 27, 2008, Defendant Collection Law Center Wyoming filed its Complaint against Dawn M. Edwards for past due medical bills assigned to Collection Law. **Exhibit A** Defendant obtained a default judgment against Plaintiff in the amount of $ 451.86. **Exhibit B** (Default Judgment CV 2008-0532).

7. On February 19, 2009, Defendant caused a Writ of Garnishment to be issued against Plaintiff's credit Union in the amount of $480.13. **Exhibit C**.

8. On March 9, 2009 Plaintiff's garnished credit union answered the writ and on April 10th the funds of $480.13 were paid into the Clerk of the Court.

9. On April 10, 2009, the Clerk of Court sent Defendant a satisfaction of judgment form to complete and file.

10. On April 20, 2009 (Letter dated April 17th) Defendant Collection Law Center mailed Plaintiff a demand letter referencing the above judgment and stated:

> YOUR CASE IS CURRENTLY UNDER REVIEW BY OUR LEGAL STAFF AND IF THIS JUDGMENT IS NOT PAID FORTHWITH YOU WILL BE SUBPOENAED TO APPEAR AT A DEPOSITION AND REQUIRED TO PRODUCE THE FOLLOWING:
> 1. Previous 3 years tax returns,
> 2. Previous 3 years W-2 forms,
> 3. Previous 3 years bank statements.
> 4. Previous 3 years cancelled checks
> 5. All deeds to real property owned by you or your spouse
> 6. All titles to automobiles, trucks, mobile homes, motorcycles, or other motor vehicles owned by you or your spouse
> 7. Payroll stubs for previous last 3 years
> 8. All life insurance policies owned by you or your spouse

IN ORDER TO AVOID THE EMBARASSMENT & INCONVIENANCE OF THIS, SEND PAYMENT IN FULL TODAY OR CALL OUR LEGAL STAFF TO MAKE ARRANGEMENTS FOR PAYMENTS.
Respectfully,
Legal Staff

**EXHIBIT D**

11. The amount claimed due in Exhibit D is $487.86. *Id.*

12. Plaintiff's entire social security number was placed upon the Writ of Garnishment and Answer to the garnishment. These pleadings were all provided by and/or originated from Defendant Collection Law Center. **EXHIBIT C and D.**

13. Defendant Collection Law Center knew at all times that all of the post judgment pleadings would be a part of the public record open to public inspection.

14. Defendant Collection Law Center knew at all times that service upon all banking institutions may involve service upon banks/credit unions that the judgment debtor did not belong to thereby exposing a judgment debtors social security number to numerous banking institutions with no relationship to the debtor.

15. Social Security Numbers are private identifying information subject to safeguarding.

16. Defendant Collection Law Center knew at all times that exposing individual's private identifying information would create unreasonable risk of identity theft or abuse of that person's personal information.

## CLASS ACTION AVERMENTS

17. Defendant has "offices" and collects debts in the states of Wyoming, Colorado, Utah, Idaho, Montana and Nebraska.

18. Defendant places numerous debtors' personal identifying information into the full public view each day.

19. Each day, Defendant reveals numerous debtors' personal identifying information to banking institutions to which the debtor has absolutely no relationship with.

20. Social Security Numbers are private identifying information subject to safeguarding and regulation to prevent identity theft or other adverse acts from the disclosure of such private identifying information.

21. Within the State of Wyoming, the individuals affected by Defendants post-judgment actions of disclosure of personal information are so numerous that joinder of all members is impracticable;

22. There are questions of law or fact common to the class;

23. The claims or defenses of the representative party are typical of the claims or defenses of the class; and

24. The claims or defenses of the representative party is typical of the claims or defenses of the class; and

25. Prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; and/or

26. Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

27. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; and

28. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### FIRST CLAIM FOR RELIEF AS TO INDIVIDUAL PLAINTIFF EDWARDS

29. Plaintiff re-alleges and incorporates by reference paragraphs one through sixteen above.

30. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    a. 15 USC § 1692c, communications in connection with the debt;
    b. 15 USC § 1692d harassing and abusive conduct;

4

   c. 15 USC § 1692e making false and misleading representations in collecting a debt; and
   d. 15 USC § 1692f engaging in unfair practices;

31. As a result of the above violations of the FDCPA, the Defendant are liable to the Plaintiff for a judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, injunctive relief, costs and attorney's fees.

## SECOND CLAIM FOR CLASS DAMAGES

31. Plaintiff on behalf of the class, states that the inclusion of private identifying information, including social security numbers, is harassment, abusive, impermissible third-party communication, and a generally unfair collection practice.

32. Plaintiff Class, which shall be determined in number and inclusion, each has suffered damages from Defendant's collection activities.

33. Pursuant to 15 USC § 1692k:

> (a) Amount of damages
> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
> (1) any actual damage sustained by such person as a result of such failure;
> (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
> (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

34. Members of the class have suffered damages and are entitled to statutory damages.

## CLAIM FOR INJUNCTIVE RELIEF

35. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

5

05/19/2009 06:28 03022005

PAGE 13/19

36. Pursuant to W.S. § 1-28-101, "An injunction is a command to refrain from a particular act. It may be the final judgment in an action or may be allowed as a provisional remedy, and when so allowed it is by order."

37. Plaintiff, and on behalf of the Class, pray the injunction be issued as a part of a final remedy issued by this Court upon the necessary showing of the harm and likelihood of harm from Defendant's acts.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Judgment that Defendants' conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

F. Injunctive relief for current and prospective class members;

G. For such other and further relief as may be just and proper.

DATED this 8th day of May 2009.

Guy P. Cleveland
Cleveland Law Offices, LLC
815 East 20th Street
Cheyenne, WY 82001
(970)672-3576

6

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF AND FOR LARAMIE COUNTY, WYOMING

COLLECTIONCENTER WYOMING

    Plaintiff,

vs.                                                      Civil Action No.

DAWN M EDWARDS

    Defendant.

## COMPLAINT

COMES NOW the above named Plaintiff, by and through its attorney, and for a cause of action against the above named Defendant, alleges and states:

1. Plaintiff is a resident of the City of Rawlins, County of Carbon, State of Wyoming.

2. Defendant resides in the City of CHEYENNE, County of LARAMIE, State of Wyoming and venue properly arises therein.

3. That the Defendant is indebted to the following creditors in the amounts as hereinafter described which accounts have been duly assigned to Plaintiff for collection.

|  | PRINCIPAL | INTEREST |
|---|---|---|
| UNIV FAMILY PRACTICE/CHEYENNE | $32.00 | $0.00 |
| WYOMING NEUROLOGY P.C. | $352.00 | $9.86 |

WHEREFORE, Plaintiff demands Judgment against the Defendant in the amount of $451.86, which includes Court costs of $30.00, cost of serving the Complaint $28.00, for pre-judgment and post-judgment interest as prescribed by statute and/or contract and for such other and further relief as the Court may deem proper in the premises.

*Rocky L. Edmonds*
Rocky L. Edmonds
Gerald K. Russell
P.O. Box 1470
Rawlins WY 82301
(307) 324-6625 or 1 800-364-9901

FILED
FEB 27 2008

EXHIBIT
A

J1772701

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF AND FOR LARAMIE COUNTY, WYOMING

COLLECTIONCENTER WYOMING
    Plaintiff,

vs.

CIVIL ACTION NO.
CV-2008-0532

DAWN M EDWARDS
    Defendant.

DEFAULT JUDGMENT

Default has been entered against the Defendant because Defendan failed to answer Plaintiff's complaint or otherwise defend as provide by Wyoming Rules of Civil Procedure. According to rule 55 W.R.C.F Plaintiff is entitled to Judgment. The Court finds generally fc the Plaintiff and against the Defendant.

IT IS HEREBY ORDERED, CONSIDERED, ADJUDGED AND DECREED TH COLLECTIONCENTER WYOMING, Plaintiff has Judgment again DAWN M EDWARDS, Defendant in the total amount $451.86. This total judgment includes principal of $384.0 interest of $ 9.86, costs of $58.00, and attorney fees $ 0.00. The Judgment shall accrue interest in the amount 10% per annum. The Plaintiff shall recover costs accrued in collectj the Judgment.

DATED this 21 day of January, 20 09.

BY THE COURT:

_____
JUDGE

NOTICE OF

COPIES TO:    JAN 2 1 2009

COLLECTIONCENTER WYOMI EXEMPTION SENT
PO BOX 1470
RAWLINS WY 82301

FILED
JAN 2 1 2009
CIRCUIT COURT

DAWN M EDWARDS
815 E 20TH ST
CHEYENNE, WY 82001-6306

EXHIB B

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF AND FOR LARAMIE COUNTY, WYOMING

COLLECTIONCENTER WYOMING,
    Plaintiff/Judgment Creditor
vs.

DAWN M EDWARDS
    Defendant/Judgment Debtors
    SSN#524212096

Civil Action No.
CV-2008-0532

WRIT OF GARNISHMENT

TO THE GARNISHEE:  WARREN FEDERAL CU

    1.  This GARNISHMENT is issued in the name of the State of Wyoming and accordingly YOU ARE ATTACHED AS GARNISHEEE" until further ordered of this Court.  The above named judgment creditor has a judgment against the above named judgmentdebotr.  Currently the amount still due and owing on the judgment is $455.13 PLUS THE $ 25.00 cost of serving this WRIT.
    READ THIS WRIT CAREFULLY AND SLOWLY.  If you fail to do what it requires, you may become personally liable for the amount claimed by the Judgment Creditor!
    2.  The JUDGMENT CREDITOR has named you as a person or entity which may have possession or control of money, credits, deposits, chooses in action, property and/ or rights to property of the judgment debtor in on or more checking accounts, savings accounts, certificates of deposit, trusts, etc..
    3.  You are COMMANDED that you cannot allow any withdrawls of funds credits, deposits, chooses in action, property and/or rights to the property of the judgment debtor in your possession, up to the amount due from any accounts which the judgment debtor may have with you, or pay ar debt due, or to become due, to the judgment debtor, wich is not exempt from garnishment, and, you are to retain possession and control of the same or of any that come into your possession or control within 30 days after this WRIT is served upon you, except as directed by this WRIT, the ANSWER TO WRIT OF GARNISHMENT BY BANK, SAVINGS AND LOAN, CREDIT UNION, ETC. or by order of this Court, UP TO THE AMOUNT DUE.
    4.  IMPORTANT!  Even if you do NOT have possession of or control ov any money, credits, deposits, chooses in action property and/or rights property of the judgment debtor in one or more checking accounts, savin accounts, certificates of deposit, trusts, etc., of the judgment debtor YOU ARE REQUIRED TO FILE WITH THIS COURT YOU ANSWER TO THIS WRIT.
    5.  You shall file your ANSWER to this WRIT no later than ten (10) days after the date this WRIT was served upon you.  Saturday, Sunday an legal holidays are not counted as part of the ten (10) days.  File your answer by delivering the same, in person or by mail, to:

LARAMIE COUNTY CIRCUIT COURT
309 W 20TH ST ROOM 2300

CHEYENNE WY 82001

EXHIB
C

IT IS SO ORDERED.

DATED this _____ day of _____
                        BY THE COURT

FILED
FEB 19 2009
Dianne Siglin

FIRSTOWER/CLERK/MAGISTRATE

05/19/2009  06:28    03022005

PAGE  17/19

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF AND FOR LARAMIE COUNTY, WYOMING

COLLECTIONCENTER WYOMING,
    Plaintiff/Judgment Creditor

vs

Civil Action No.
CV-2008-0532

DAWN M EDWARDS
    Defendant/Judgment Debtors
SSN#524212096

ANSWER OF BANK, SAVINGS AND LOAN, CREDIT UNION, ETC. TO WRIT OF GARNISHMENT

I, ___REB FEDERAL CREDIT UNION___, as GARNISHEE, verify and declare that the following answer are true and correct.

QUESTION #1: Does the judgment debtor, individually or jointly, with any other person or entity, have on deposit with you any money in a checking account, savings account, certificate of deposit, trust or in any other form or do you have in your possession, custody or control any stocks, bonds, securities, chooses in action or other personal property belonging to the judgment debtor, or in wich the judgment debtor has an interest?
ANSWER: YES ✓   NO____   If yes, describe the natures: _OPEN ACCOUNT WILL HOLD TIL 4/9/09_

QUESTION #2: As garnishee, you have the right to retain or deduct out of the property, effects or credits of the judgment debtor in you hands all demands, whether or not due, against the judgment creditor or judgment debtor which you could have availed yourself if you had not been served a garnishee. Are you, pursuant to Wyo. Stat. 1-15-417, retaining or deducting any property, effects or credits of the judgment debtor in satisfaction of a claim you have against the judgment creditor or judgment debtor?
ANSWER: YES ✓   NO____   If yes, explain to whom the claim relates and the amount retained or deducted: _AMOUNT OWED TO CREDIT UNION $531.54_

A. If you have money in you possession in an amount up the the amount owed on the judgment, see paragraph 1 of the WRIT, you may pay the same this Court and by doing so you are released from further action under the garnishment. Otherwise, an order of the Court will be issued giving you directions as to what is to happen to the judgment debtor's property in your possession or under your control.

**EXHIBIT C-2**

B. Be sure to sign and date this form. You can personally deliver the answer to the Court or Mail the answer to the Court. _REB FEDERAL CREDIT UNION_

DATED: _9 MARCH_____, 20_09_..

Amount enclosed, if any:

_307-452-5864_
Garnishee/Company name & Phone

_For_ [signature]
Signature

05/19/2009  06:28    03022005

PAGE  18/19

402 6th Street
P.O. Box 1470
Rawlins, WY 82301
(307) 324-6625


COLLECTION LAW CENTER

With Offices in:
Wyoming - Colorado
Utah - Idaho
Montana - Nebraska

APR 17, 2009

DAWN M EDWARDS
815 E 20TH ST

CHEYENNE, WY 82001-6306

CV-2008-0532
TOTAL OWED ON JUDGMENT
$487.86

YOUR CASE IS CURRENTLY UNDER REVIEW BY OUR LEGAL STAFF AND IF THIS
JUDGMENT IS NOT PAID FORTHWITH YOU WILL BE SUBPOENAED TO APPEAR AT
A DEPOSITION AND REQUIRED TO PRODUCE THE FOLLOWING:

1. Previous 3 years tax returns,
2. Previous 3 years W-2 forms
3. Previous 3 years bank statements
4. Previous 3 years cancelled checks
5. All deeds to real property owned by you or your spouse
6. All titles to automobiles, trucks, mobile homes, motorcycles, or
   other motor vehicles owned by you or your spouse
7. Payroll stubs for previous last 3 years
8. All life insurance policies owned by you or your spouse

IN ORDER TO AVOID THE EMBARRASSMENT & INCONVENIENCE OF THIS, SEND
PAYMENT IN FULL TODAY OR CALL OUR LEGAL STAFF TO MAKE ARRANGEMENTS
FOR PAYMENTS.

Respectfully,

Legal Staff

This Communication is being sent to you on behalf of a Collection
Agency. The purpose of this communication is to collect a debt and
any information received will be used for that purpose.

*************************************************************
DAWN M EDWARDS  CV-2008-0532

SEND THIS NOTICE BACK WITH YOUR PAYMENT TO BE SURE OF PROPER CREDIT

EXHIBIT
D

_____ Enclosed is payment in full.

_____ Enclosed is my VISA or MASTERCARD number  circle one

Name on Card: _____

Card #: _____  Expiration Date: _____/_____

Signature: _____

